ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - ) | |
| ) | |
| Restoration Specialists, LLC ) | ASBCA No. 63284 |
| ) | |
| Under Contract No. FA4418-13-D-0006 ) | |

APPEARANCES FOR THE APPELLANT:    A. Bright Ariail, Esq.
Warren W. Ariail, Esq.
  Law Office of A. Bright Ariail, LLC
  Charleston, SC

APPEARANCES FOR THE GOVERNMENT:  Caryl A. Potter, III, Esq.
  Air Force Deputy Chief Trial Attorney
Aaron J. Weaver, Esq.
  Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCLISH
ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant Restoration Specialists, LLC (Restoration) moves for reconsideration of the Board's November 14, 2023 decision granting in part and denying in part the government's motion for summary judgment (Decision). *Restoration Specialists, LLC*, ASBCA No. 63284, 23-1 BCA ¶ 38,466. For the reasons explained below, we deny the motion.

To prevail on a motion for reconsideration, a party "must demonstrate a compelling reason for the Board to modify its decision." *Golden Build Co.*, ASBCA No. 62294, 20-1 BCA ¶37,742 at 183,161 (quoting *Bruce E. Zoeller*, ASBCA No. 56578, 14-1 BCA ¶35,803 at 175,103). If we have made mistakes in the findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate. *See Chugach Federal Solutions,* ASBCA No. 61320, 23-1 BCA ¶38,456 at 186,919; *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶34,171 at 168,911. "In short, if we have made a genuine oversight that affects the outcome of the appeal, we will remedy it." *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶37,146 at 180,841. Reconsideration might also be appropriate in the event of newly-discovered evidence. *Afghan Premier Logistics*, ASBCA No. 62938 *et al.*, 23-1 BCA ¶38,373 at 186,403. Motions for reconsideration, however, are "not the place to present arguments previously made and rejected." *Id.*; *Potomac Elec. Corp.*, ASBCA No. 61371, 20-1 BCA ¶ 37,663 at 182,862 ("A motion for reconsideration is not intended to present a 'post-decision bolstering of contentions which we have already rejected.'") (quoting *Charitable Bingo Assocs.*, ASBCA

No. 53470, 05-2 BCA ¶ 33,088 at 164,014). They also "do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014).

Restoration has not demonstrated that reconsideration is appropriate. Instead, it mostly repeats arguments that we previously considered and rejected. Although it repeatedly asserts otherwise, it has not shown that we made factual or legal mistakes or failed to consider an appropriate matter.[1] Nothing in the motion presents a compelling reason for the Board to modify its decision.

## 1. Discovery

Restoration repeats its argument that it should be allowed discovery in order to defend against the government's summary judgment motion (app. mot. at 1-2).[2] We considered that argument and rejected it because Restoration had failed to show that it lacked any information important to its ability to contest the motion or that allowing discovery would supply it. Restoration's motion simply points to its counsel's declaration, the inadequacies of which we addressed in our prior decision. Decision at 186,961-62.

## 2. Single Claim Accrual Date

Restoration continues to press its argument that the decision in *Europe Asia Constr. Logistic*, ASBCA No. 61553, 19-1 BCA ¶ 37,267, somehow supports its argument that its claims did not accrue for purposes of the six-year statute of limitations until the government deobligated funds from the contract long after the contract work was complete (app. mot. at 2-3). As before, Restoration has not demonstrated how its interpretation of *Europe Asia* can be squared with the extensive precedent setting forth the claim accrual analysis that the Board follows, nor that *Europe Asia* in any way compels the conclusion that Restoration's claims were timely.

---

[1] Making clear that it is rearguing its prior points, Restoration's motion repeatedly directs us to "[*s*]ee arguments contained within Appellant's Response to Respondent's Motion for Summary Judgment and arguments made during the motion hearing held on September 21, 2023 as reflected in the Official Transcript of Proceedings" (app. mot. at 3, 10, 11 (emphasis in original); *see also id.* at 2).

[2] Restoration's motion lacks page numbers. We cite to the pages of the PDF file.

### 3. Later Option Years

Restoration continues to contend that it has viable and timely claims that the government is liable for failing to exercise the second, third and fourth option years under the Contract, even if the government properly declined to exercise the first option year (app. mot. at 3-9). Restoration argues that the decision we cited for the proposition that a contract ends if the government does not timely exercise an option to extend it, *Fluor Federal Solutions, Inc.*, ASBCA No. 62343, 23-1 BCA ¶ 38,302, is distinguishable on several grounds and actually supports Restoration's position (app. mot. at 4). *Fluor*, citing numerous other authorities, held that the government's failure to properly exercise an option meant that the contract came to an end on the date it would have ended had the government not attempted to exercise the option at all. *Fluor*, 23-1 BCA at 185,956. It went on to hold that any attempt by the government to exercise options after that date was "legally ineffective." *Id.* It thus directly contradicts Restoration's position that the government could have exercised the second, third and fourth option years in 2016, 2017 and 2018, even though the contract ended in January 2016.[3] If the government could not have exercised those later options, as *Fluor* demonstrates, then its failure to exercise them cannot be actionable. Restoration's insistence that this conclusion is in error because of *Hi-Shear Tech. Corp. v. United States,* 53 Fed. Cl. 420 (2002), which Restoration acknowledges is not binding on us, continues to be unpersuasive, as that case did not address whether the government can be liable for failing to exercise an option at a time when it had no legal right to do so.

Restoration also repeats its argument that its claims arising from the alleged failure to exercise the later option years can be salvaged under the "continuing claims" doctrine (app. mot. at 6-9) but makes no arguments we did not already consider and reject and identifies no error in our ruling. It unpersuasively reargues its position that *DynCorp Int'l, LLC*, ASBCA No. 56078, 09-2 BCA ¶ 34,290, demonstrates that its claims regarding the non-exercise of the later option years are timely as continuing claims. In that case, the Board found that the exercise of options can be independent and distinct events or wrongs, but expressly noted that "if the government chose not to award additional option years, there would be no claim for those years." *Id.* at 169,407. Here, the claims Restoration is asserting as to the later option years are rooted in a single event — the allegedly bad faith decision not to award the first option year. As *DynCorp* suggests, the failure to exercise each of the second, third and fourth options was not a distinct event from the non-exercise of the first option, but rather

---

[3] Restoration incorrectly asserts that we found that the contract expired when the government failed to exercise the first option year on May 27, 2014 (app. mot. at 5). To the contrary, our opinion makes clear that the contract ended in January 2016. Decision at 186,964.

flowed directly from it and the resulting expiration of the contract, and thus did not give rise to a continuing claim.

CONCLUSION

We have considered all of the arguments made in Restoration's motion, whether or not specifically addressed herein, and find none of them availing. The motion is denied.

Dated: January 25, 2024

THOMAS P. MCLISH
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63284, Appeal of Restoration Specialists, LLC, rendered in conformance with the Board's Charter.

Dated: January 25, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4